UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Charles Moore,

          Plaintiff,      Case No. 25-cv-10389

v.                              Judith E. Levy
                               United States District Judge

Hillary Brown,

                               Mag. Judge Patricia T. Morris

         Defendant.

_____/

## OPINION AND ORDER DISMISSING THE COMPLAINT [1]

Plaintiff Charles Moore is a Michigan state prisoner who filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) He is proceeding without prepayment of the filing fee (or proceeding *in forma pauperis*) under 28 U.S.C. § 1915(a)(1). (ECF No. 6.) Plaintiff alleges that Defendant Hillary Brown violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court therefore dismisses the complaint under 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915(e)(2)(B).

I.  Background

When Plaintiff initiated this action, he was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (ECF No. 1, PageID.8, 34.) That facility is where the events giving rise to the case occurred. (*Id.* at PageID.2–3.) Plaintiff sues one Defendant: Hillary Brown, the secretary to the warden of the G. Robert Cotton Correctional Facility. (*See id.* at PageID.1, 3, 10.)

Plaintiff alleges that his visit with his wife, Sharon Oglen, was terminated on August 11, 2024 when he was removed from the visiting room in handcuffs. (*Id.* at PageID.3.) Plaintiff was "taken to segregation." (*Id.*) Several hours later, he was "released back to general population" and returned to his housing unit. (*Id.*) He called his wife, and "she reported that she tried to reschedule another visit" and that "Plaintiff's visits were already restricted." (*Id.* at PageID.3–4.)

Later that day, Plaintiff was notified that he was charged with a Class I Sexual Misconduct. (*Id.* at PageID.4.) Plaintiff was placed on the "'Non-Bond' list"[1] until his misconduct hearing on August 20, 2024. (*Id.*)

---

[1] Plaintiff indicates that the "'Non-Bond' list" is "where a prisoner is placed on segregation status, but confined to his room/cell because of overcrowding in segregation." (ECF No. 1, PageID.4.)

2

Administrative Law Judge (ALJ) Sutherland found Plaintiff guilty and sentenced him to twenty days loss of privileges. (*Id.*) The ALJ "told Plaintiff that a 'Visitor Restriction Hearing' would be held later." (*Id.*) Plaintiff states that such a hearing was never held. (*Id.*)

On August 26, 2024, Defendant "issued a Memorandum limiting Plaintiff's visits to non-contact" for thirty days. (*Id.* at PageID.4, 10.) Plaintiff alleges that the Memorandum "recommend[ed] a permanent visiting restriction with the Michigan Department of Corrections (MDOC) Director." (*Id.* at PageID.4.) However, a copy of the Memorandum attached to the complaint does not reflect that the Memorandum made a recommendation to the MDOC Director. (*See id.* at PageID.10.) The Memorandum from Defendant, which is directed to Plaintiff, stated:

> On August 20, 2024, you were found guilty of a Class I misconduct for a Sexual Misconduct in conjunction with a Visit on August 11, 2024. In accordance with PD-05.03.140 "Prisoner Visiting," your visits will be limited to non-contact from **August 23, 2024 to September 23, 2024 for 30 days**.

3

A RECOMMENDATION FOR A PERMANENT VISITING RESTRICTION:

☒ IS PENDING
☐ IS NOT PENDING

(*Id.* (emphasis in original).) "On August 30, [2024,] Plaintiff received a Jpay letter notifying him that his visits had been restricted by the Director for one (1) year." (*Id.* at PageID.4; *see id.* at PageID.11.)

On the same date that Plaintiff received the JPay letter, Plaintiff asked Hearings Investigator Austin for "two Rehearing Forms and copies of both the Misconduct and Visitor Restriction Hearing Reports." (*Id.* at PageID.4; *see id.* at PageID.12.) On September 4, 2024, Austin "sent Plaintiff a copy of the Misconduct Hearing Report and one (1) rehearing form, but **never** provided a copy of a Visitor Restriction Hearing Report or the second requested rehearing form." (*Id.* at PageID.4–5 (emphasis in original).) On September 5, 2024, Plaintiff again asked Austin for a copy of the Visitor Restriction Hearing Report. (*Id.* at PageID.5; *see id.* at PageID.15.) "Austin **never** responded." (*Id.* at PageID.5 (emphasis in original).)

Plaintiff filed two requests for rehearing: "[o]ne for the Sexual Misconduct and one (1) for the Visitor Restriction." (*Id.*) On October 14,

4

2024, Plaintiff's "Visitor Restriction Rehearing Request was returned to Plaintiff with a notation" that instructed him to file a grievance if a hearing was not held. (*Id.*; *see id.* at PageID.16.) On October 25, 2024, Plaintiff filed a grievance asserting that his due process rights were violated because he was not served with a "Proposed Visitor Restriction Form" and because he did not receive a hearing. (*Id.* at PageID.5, 21.) The grievance was denied. (*Id.* at PageID.5–6, 22–25.) Plaintiff's request for a rehearing on the Sexual Misconduct was also denied. (*Id.* at PageID.5, 19.)

In the complaint, Plaintiff alleges violations of his Fourteenth Amendment rights to due process and equal protection. (*Id.* at PageID.7.) He alleges that his due process rights were violated because (1) he "was **never** served with a copy of the Proposed Visitor Restriction Form (CSJ-315A),[2] which is required to protect Plaintiff's due process rights"; (2) he "was **never** provided a written statement of the evidence relied upon, and the reasons for the disciplinary action"; (3) Plaintiff's "visitor was **never** served with any of the required documents"; and

---

[2] A document attached to the complaint reflects that Form CSJ-315A is titled "Michigan Department of Corrections Notice of Proposed Visitor Restriction." (ECF No. 1, PageID.26.)

5

(4) "Plaintiff's visits was [sic] restricted without a Visitor Restriction Hearing being convened." (*Id.* at PageID.6–7 (emphasis in original).) Plaintiff alleges that he was denied equal protection because "due process protections" were "afforded to other [similarly situated] prisoners" such as "Coleman." (*Id.* at PageID.6; *see id.* at PageID.3, 7.) According to Plaintiff, Coleman (1) "incurr[ed] a misconduct during a visit at G. Robert Cotton Correctional Facility," (2) had a hearings investigator conduct an investigation, (3) was served with a "Notice of Proposed Visitor Restriction Form (CSJ-315A)," and (4) "had an official Visitor Restriction Hearing conducted by an Administrative Law Judge." (*Id.* at PageID.6–7; *see id.* at PageID.26–33.) Plaintiff states that Coleman's visitor was served with a "Notice of Proposed Visitor Restriction (CSJ-315B)."[3] (*Id.* at PageID.6.)

Plaintiff asks the Court for declaratory and monetary relief. (*Id.* at PageID.8.) He also requests the "[d]ismissal of the Class I Misconduct and immediate reinstatement of Plaintiff's In-Person Visits." (*Id.*)

---

[3] A document attached to the complaint reflects that Form CSJ-315B is titled "Michigan Department of Corrections Notice of Visitor Restriction." (ECF No. 1, PageID.30.)

6

## II. Legal Standard

As noted above, Plaintiff was granted permission to proceed without prepayment of the filing fee for this action. (ECF No. 6.) Under the Prison Litigation Reform Act, the Court must dismiss a prisoner civil rights case in which the plaintiff proceeds *in forma pauperis* if the Court determines that the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This pleading standard does not require "detailed factual allegations," *id.*, but it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading

7

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

To state a civil rights claim under § 1983, a plaintiff must allege that (1) they were deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978); *see Doe on behalf of Doe #2 v. Metro. Gov't of Nashville & Davidson Cnty.*, 35 F.4th 459, 468 (6th Cir. 2022). Courts hold a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### III. Discussion

Plaintiff's complaint fails to state a claim against Defendant. Plaintiff takes issue with his visits being restricted (1) without being served with a copy of a "Notice of Proposed Visitor Restriction" or MDOC Form CSJ-315A; (2) without being "provided a written

8

statement of the evidence relied upon, and the reasons for the disciplinary action"; (3) without Plaintiff's visitor being "served with any of the required documents" (presumably a "Notice of Visitor Restriction" or MDOC Form CSJ-315B); and (4) without Plaintiff being given a hearing before the restriction was imposed. (ECF No. 1, PageID.3, 6–7.) Plaintiff alleges that a "similarly situated prisoner[ ]" referred to as "Coleman" received MDOC Form CSJ-315A, that Coleman's visitor received MDOC Form CSJ-315B, and that Coleman was afforded an "official Visitor Restriction Hearing" "after incurring a misconduct during a visit at G. Robert Cotton Correctional Facility." (*Id.*) Yet Plaintiff does not allege that Defendant (1) played a role in the decision to restrict Plaintiff's visits, (2) withheld any documents or information from Plaintiff and his visitor, or (3) denied Plaintiff a hearing. Nor does Plaintiff allege any facts that demonstrate that Defendant "treated Plaintiff differently than other similarly situated prisoners, such as prisoner Coleman." (*Id.* at PageID.7; *see id.* at PageID.3.)

The only conduct by Defendant alleged in the complaint is that Defendant "issued a Memorandum" on August 26, 2024. (*Id.* at

9

PageID.4; *see id.* at PageID.10.) The Memorandum—a copy of which is attached to the complaint—noted that Plaintiff was found guilty of a Class I Misconduct stemming from a visit on August 11, 2024. (*Id.* at PageID.10.) The Memorandum stated that "[i]n accordance with PD-05.03.140 'Prisoner Visiting,' [Plaintiff's] visits will be limited to non-contact from August 23, 2024 to September 23, 2024 for 30 days." (*Id.*) The Memorandum indicated that "[a] recommendation for a permanent visiting restriction" was "pending." (*Id.*) Four days after Defendant issued the Memorandum, Plaintiff "received a Jpay letter notifying him that his visits had been restricted *by the Director* for one (1) year." (*Id.* at PageID.4 (emphasis added); *see id.* at PageID.11.)

Other than Defendant issuing the Memorandum, Plaintiff fails to allege any facts about Defendant's conduct related to the restriction of Plaintiff's visits or related to the treatment of "similarly situated prisoners" such as "Coleman." Thus, even construing the complaint liberally, the Court finds that Plaintiff does not allege facts showing that Defendant was personally involved in the alleged deprivations of Plaintiff's constitutional rights. Allegations of unconstitutional conduct without specific factual allegations as to a particular defendant fail to

state a claim against that defendant under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) ("conclud[ing] that [the] complaint [filed by a *pro se* prisoner] failed to state a claim upon which relief may be granted and was properly dismissed by the district court" under 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e(c) because the plaintiff's "complaint contained no specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights"). Therefore, Plaintiff's complaint fails to state a claim against Defendant under § 1983 for the alleged violations of Plaintiff's Fourteenth Amendment rights to due process and equal protection.

## IV. Conclusion

For the reasons stated above, Plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, the complaint is DISMISSED under 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915(e)(2)(B). This dismissal is with prejudice as to Plaintiff's claims against Defendant and without prejudice to Plaintiff filing a new complaint naming proper defendants. Any new complaint must comply with

federal pleading standards. The Court also concludes that an appeal from this opinion and order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: January 7, 2026      s/Judith E. Levy
    Ann Arbor, Michigan     JUDITH E. LEVY
                                   United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 7, 2026.

                                   s/William Barkholz
                                   WILLIAM BARKHOLZ
                                   Case Manager