**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Charles Moore,

Plaintiff,

v.

Hillary Brown,

Defendant.

Case No. 25-cv-10389

Judith E. Levy
United States District Judge

Mag. Judge Patricia T. Morris

______________________________/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER [13]**

Plaintiff Charles Moore, a Michigan state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) On January 7, 2026, the Court summarily dismissed the complaint because Plaintiff failed to state a claim upon which relief may be granted. (ECF No. 10.) The Court issued a judgment on that date. (ECF No. 11.) Presently before the Court is Plaintiff's "Motion for Relief from a Judgment or Order" under Federal Rule of Civil Procedure 60(b)(6).[1] (ECF No. 13.) For the

[1] Plaintiff indicates that he brings his motion under Federal Rule of Civil Procedure "60(b)(1)(6)" (ECF No. 13, PageID.67), which does not clearly refer to a specific portion of Rule 60. The Court treats Plaintiff's motion as having been filed

reasons set forth below, Plaintiff's motion is denied.

Under Rule 60(b)(6), a district court may grant relief from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."[2] *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (internal citations omitted). Rule 60(b)(6) applies to "unusual and extreme situations where principles of equity *mandate* relief." *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (emphasis in original) (quoting *Olle*, 910 F.2d at

---

under Rule 60(b)(6). The same analysis applies even if the Court considers Plaintiff's motion as having been brought under Rule 60(b)(1).

[2] Rule 60(b)'s first five numbered clauses address the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void; [or]
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]

Fed. R. Civ. P. 60(b)(1)–(5).

365).

The complaint alleged that Plaintiff's Fourteenth Amendment rights to due process and equal protection were violated when his visits were restricted without the required procedures and when he was treated differently from a similarly situated prisoner who received the process Plaintiff claims he was denied. The complaint named a single Defendant: Hillary Brown, the secretary to the warden of the G. Robert Cotton Correctional Facility. The Court dismissed the complaint because Plaintiff did not allege facts showing that Defendant was personally involved in the alleged deprivations of his constitutional rights.

Plaintiff disputes the Court's conclusion by restating portions of his complaint and adding new factual information not included in the complaint. To the extent Plaintiff repeats the allegations that appear in the complaint, the Court already considered them. Plaintiff's disagreement with the Court's ruling does not provide grounds for relief under Rule 60(b). *See Burrows v. Nakata*, No. 2:25-CV-11750-TGB-APP, 2025 WL 3113132, at *1 (E.D. Mich. Nov. 6, 2025) ("Although [the plaintiff] may disagree with this Court's interpretation of the law and

ultimate ruling, such '[g]eneralized disagreement from an unhappy or defeated litigant, however heartfelt, is insufficient to obtain relief under Rule 60(b).'" (quoting *Wilson v. Randstad USA*, No. 3:21-cv-00151, 2021 WL 6882143, at *2 (M.D. Tenn. June 9, 2021))); *Ruelas v. Wolfenbarger*, No. 06-CV-11994, 2009 WL 10704254, at *2 (E.D. Mich. Aug. 19, 2009) (finding that "disagreement with the Court's ruling is an insufficient basis on which to grant Rule 60(b)(6) relief"); *Blevins v. Tenn. Dep't of Corr.*, No. 3:22-cv-118, 2023 WL 3261588, at *1 (E.D. Tenn. May 4, 2023) ("Rule 60(b) does not allow a movant to reargue his case merely because he disagrees with the Court's conclusions." (citing *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014))).

Plaintiff's new factual assertions likewise do not entitle him to relief under Rule 60(b)(6). Plaintiff states that "[a]s part of her duties as Warden's Secretary, Defendant Hillary Brown is responsible for contacting the company . . . that electronically schedules prisoner visits, to have Plaintiff's visits restricted." (ECF No. 13, PageID.68.) Plaintiff concludes from this information that his visits were restricted on August 11, 2024 at Defendant's request and without affording him due process that other similarly situated prisoners received. (*Id.*) But a Rule

60(b) motion "does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001) (internal citation omitted); *see Tyler*, 749 F.3d at 509 ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." (citing *Jinks*, 250 F.3d at 385)).

Moreover, Plaintiff's motion lacks merit because even accepting the new information as true, it does not establish that Defendant was personally involved in the *decision* to restrict visitation privileges. At most, Plaintiff indicates that Defendant was responsible for contacting the company that electronically schedules prisoner visits. But Plaintiff does not show that Defendant made, directed, or otherwise participated in the decision to restrict Plaintiff's visits. Indeed, Plaintiff was informed that "his visits had been restricted *by the Director* for one (1) year." (ECF No. 1, PageID.4 (emphasis added); *see id.* at PageID.11.) Thus, Plaintiff's new assertions do not undermine the basis for the Court's dismissal of the complaint. Plaintiff therefore fails to demonstrate the extraordinary circumstances necessary to obtain relief

under Rule 60(b)(6).

Accordingly, the Court DENIES Plaintiff's "Motion for Relief from a Judgment or Order." (ECF No. 13.)

IT IS SO ORDERED.

Dated: September 4, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 4, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager